## SHUMWAY v. ANDERSON.

No. 6047.   Decided Dec. 13, 1939.   (96 P. 2d 1098.)
Rehearing denied, February 7, 1940.

*Orval Hafen,* of St. George, for appellant.

*Ellis J. Pickett,* of St. George, for respondent.

MOFFAT, Chief Justice.

The plaintiff, as the Administrator of the Estate of Ella Anderson Shumway, deceased, brought this action against Charles C. Anderson, defendant. Two causes of action are pleaded. The first is upon a promissory note for the sum of $2,000 giving credit for a payment of $400. The note was executed by the defendant, and was payable to Ella Anderson Shumway. Five percent interest is provided for in the note. The balance of $1,600 and interest is claimed.

The second cause of action is upon a contract of lease between Ella Anderson (later Shumway), lessor, and Charles C. Anderson, lessee, covering 333 head of sheep at a rental value of $1.25 per head per year and claiming unpaid rent since October 1, 1933. Plaintiff seeks the delivery of the sheep or the value thereof.

Certain endorsements and writings upon the note and contract of lease are claimed to be material alterations. These need not be discussed as the findings of the court as to those matters are supported by the evidence.

The defendant answered setting up four affirmative defenses. He admitted the execution of the note and that there remained unpaid thereon the sum of $1,600. He also admitted the execution of the contract of lease.

His defenses were: (1) That in November, 1934, Ella Anderson Shumway created an oral charitable trust of the note and sheep making the defendant trustee and indicating defendant's claimed purposes of the trust. It is alleged that the defendant accepted the appointment as trustee. That he has regarded himself as trustee and that the alleged trust has never been revoked; (2) That Ella Anderson Shumway died on or about December 21, 1934, and that about April, 1935, the plaintiff, Jed Shumway, as sole heir, claiming the property of the estate, voluntarily created a trust in his

claimed equitable interest in the estate, making the defendant trustee and setting out the purposes of the trust, with acceptance of the trust and no revocation thereof. By amendment, the date of the creation of the alleged trust by Jed Shumway was changed from about April, 1935, to December, 1934; (3) As a third affirmative defense, defendant alleged that the sheep mentioned in plaintiff's second cause of action had been mortgaged by defendant to Wasatch Livestock Loan Company for a valuable consideration, and in good faith the loan company had accepted the mortgage without knowledge of the rights of Ella Anderson Shumway or the plaintiff; (4) the fourth affirmative defense alleged that about October, 1931, with the consent of Ella Anderson Shumway, the defendant mortgaged the sheep to said loan company to obtain funds to operate said sheep; that the written lease was terminated and a new oral lease entered into wherein defendant was not to pay any further rent until the defendant was able to pay off the mortgage from the profits of the sheep.

These affirmative defenses were met by a general denial in reply.

At the beginning of the trial, counsel for the plaintiff interposed a motion to require the defendant to elect between the first and second affirmative defenses set out in the answer. The motion was granted and defendant elected to stand upon the second affirmative defense rather than the first.

This ruling of the court constitutes appellant's first assignment of error, the reason given being that the defenses were not inconsistent and defendant was entitled to present both.

In requiring defendant to elect, the court was probably impressed with the situation that defendant would not be able to establish both. If the first defense were established, save for a possible interest in her estate, plaintiff, as husband of deceased, would have no interest, yet should such interest appear a trust created by plain-

tiff would bind that interest and could furnish a basis for proof of the second alleged defense. If the second defense were established it would mean there would be no occasion to establish the first. The defenses were not inconsistent in the instant case, the defendant had a right to rely upon both and establish either by proof. If he failed to establish one, as an alternative he had a right to rely upon such evidence as he might have to establish the other.

It was prejudicial error to require the defendant to elect as between the first and second defenses pleaded.

Appellant's second assignment attacks the court's order striking the defendant's third affirmative defense. There was no error in striking the third alleged defense. It was not a matter of defense at all. The alleged defense declared the sheep had been mortgaged for a valuable consideration without any knowledge on the part of the mortgagee as to the rights of Ella Anderson Shumway or Jed Shumway. The mortgagee was not a party and the allegations were immaterial and properly stricken.

Defendant assigns as the third error, upon which he relies, the admission of exhibit 1 which is the promissory note, citing section 104-48-16, Revised Statutes of Utah, 1933, to the effect:

"The party producing as genuine a writing which has been altered, or appears to have been altered after its execution in a part material to the question in dispute must account for the appearance or alteration. He may show that the alteration was made by another without his concurrence, or was made with the consent of the parties affected by it, or otherwise properly or innocently made, or that the alteration does not change the meaning or language of the instrument. If he does this, he may give the writing in evidence, but not otherwise."

No alteration appears upon the face of the note. The notations upon the back were admitted to have been made by defendant. The instrument itself does not reveal that it was altered or appeared to have been altered "after its execution." Subsequent evidence supplied all the information as to the memoranda endorsements on

the back of the note. No error was committed as to the admittance of the note in evidence. The same remarks apply to the assignment of error made to the introduction in evidence of exhibit 2. Apparently, defendant ultimately placed his reliance upon exhibit 2 for the creation of the alleged trust claimed to have been created by Jed Shumway December 29, 1934. It was not error to admit in evidence the alleged trust agreement.

It is not necessary to discuss the other assignments of error. They relate to the admission or exclusion of evidence and the sufficiency of the evidence to support the findings and conclusions of the court.

The record discloses that much of the evidence about which defendant (appellant) complains related to the allegations contained in the defense that was stricken. There is sufficient evidence in the record to support the findings and conclusions of the court as to the causes of action of plaintiff.

The second defense contained two propositions, viz: that Jed G. Shumway orally approved and adopted the trust alleged to have been made by Ella Anderson Shumway in the first defense and secondly, by a written document created a trust of his own with similar provisions. The defendant was permitted, in support of the alleged oral trust, to prove the terms of all the alleged trusts.

The court found that Jed G. Shumway had not ratified the alleged trust created by Ella Anderson Shumway nor had he created an oral trust with similar provisions. The proof supports the findings of the trial court. The other element of the second defense was the trust alleged to have been created by Jed G. Shumway of his interest in the same property by the written document. The written document does not create a trust and the court so found. The second alleged defense, viz., the creation of a trust either oral or written by Jed G. Shumway, has been fully tried.

The defendant was required to elect as between the first and second defenses as heretofore indicated. This was error. The cause is remanded to the trial court with directions to reinstate the alleged first defense and permit defendant to submit such admissible evidence as he may have in support of that defense. Such is the order. Appellant to recover costs.

LARSON, McDONOUGH, and PRATT, JJ., concur.

WOLFE, Justice (concurring).

I concur on the ground that the first defense should not have been excluded. There may have been evidence which would have tended to sustain the defense, but which was not proffered because of its exclusion, as well as evidence which was excluded and which perhaps would have been admissible had the defense not been stricken. The fact that much of the evidence which might have been admissible to establish the stricken defense was permitted to come in to establish the second defense and thereby received the court's consideration and resulted in an adverse conclusion therefrom does not mean that the court would necessarily have concluded against the stricken defense had it remained in the case. We do not know what evidence the defendant might have introduced, had the first defense been permitted to remain.